*In re* MARRIAGE OF LARRY RAY BRAUNDMEIER, Petitioner and Counterrespondent, and LAURA L. BRAUNDMEIER, Respondent and Counterpetitioner-Appellee (The County of Effingham, Appellant).

Fifth District   No. 5—88—0765

Opinion filed August 13, 1990.

Paula Phillips, State's Attorney, of Effingham (Kenneth R. Boyle, Stephen E. Norris, and Ellen Eder Irish, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

Lou J. Viverito, of Taylor Law Offices, P.C., of Effingham, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Appellant, County of Effingham (County), appeals from an order of the circuit court of Effingham County directing it to pay the fees of court-appointed counsel for appellee, Laura L. Braundmeier. In this cause, the County argues that the circuit court was without statutory authority to order the payment of fees. We reverse.

Petitioner, Larry Ray Braundmeier, filed a petition for dissolution of marriage on October 2, 1985, which was granted by the circuit

court of Effingham County on July 23, 1986. The court awarded custody of the couple's children to their mother, respondent, Laura L. Braundmeier.

On October 20, 1987, the State filed a petition of wardship. The circuit court held a hearing that day, found probable cause, and removed the children from respondent's household. At that hearing, appointed counsel represented both petitioner and respondent. Petitioner's counsel filed a petition seeking temporary and permanent custody of the children on October 27, 1987.

Petitioner's appointed counsel advised him to proceed in divorce court. On December 31, 1987, petitioner sought leave to file a petition for modification of custody, and a petition for temporary and permanent modification of custody judgment pursuant to section 610(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 610(a)), prepared by private counsel. Petitioner alleged that the children's environment with their mother seriously endangered their physical, mental, moral and emotional health. The court granted the petitions and continued the case to January 21, 1988.

Before the January 21, 1988, hearing in the dissolution case, the State notified respondent's appointed counsel of the State's intention to dismiss the juvenile case. The appointed counsel recommended that respondent retain private counsel regarding the dissolution action.

On January 20, 1988, the State filed a motion to dismiss the juvenile action because of insufficient evidence. The court granted the motion the next day. The docket notations indicate that petitioner had no objections to dismissal as long as it did not preclude consideration of child abuse in the dissolution case.

At the hearing on January 21, 1988, respondent appeared and asserted that she had been unable to secure other representation. She had contacted legal aid, but they were unwilling to represent her. The circuit court appointed the same attorney it had appointed for her juvenile case. Petitioner's attorney objected, arguing that petitioner was in similar financial condition, and announced that she would file for attorney fees if respondent received appointed counsel. The State's Attorney appeared and explained that the State did not object to appointed counsel, but would object if the circuit court ordered the County to pay fees.

The circuit court found that the State's filing of the juvenile matter initiated the custody matter, noting in hindsight that it would have been appropriate to consolidate the two proceedings. In light of *Rosewell v. Hanrahan* (1988), 168 Ill. App. 3d 329, 523 N.E.2d 10,

and significant State involvement, the circuit court awarded attorney fees.

■■ ■ The due process clause protects individuals from actions by the State, not actions by private individuals. (*Blum v. Yaretsky* (1982), 457 U.S. 991, 1002, 73 L. Ed. 2d 534, 545, 102 S. Ct. 2777, 2785; *Rosewell v. Hanrahan* (1988), 168 Ill. App. 3d at 331, 523 N.E.2d at 11.) The Supreme Court outlined a three-part analysis of the "State action" doctrine in *Blum*. First, "State action" exists "when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." (Emphasis in original.) (457 U.S. at 1004, 73 L. Ed. 2d at 546, 102 S. Ct. at 2786.) Second, the State is responsible "for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." (457 U.S. at 1004, 73 L. Ed. 2d at 546, 102 S. Ct. at 2786.) Third, "State action" exists "if the private entity has exercised powers that are 'traditionally the exclusive prerogative of the State.'" 457 U.S. at 1005, 73 L. Ed. 2d at 547, 102 S. Ct. at 2786, quoting *Jackson v. Metropolitan Edison Co.* (1974), 419 U.S. 345, 353, 42 L. Ed. 2d 477, 485, 95 S. Ct. 449, 455.

■■■ The question here is whether the State coerced or provided significant encouragement to petitioner. It is our opinion that it has not. Case law is clear that for an action to rise to the level of "State action" triggering constitutional protection, there must be a sufficiently close nexus between the State and the action, that the action may fairly be treated as that of the State. (*Blum v. Yaretsky*, 457 U.S. at 1004, 73 L. Ed. 2d at 546, 102 S. Ct. at 2786; *Jackson v. Metropolitan Edison Co.* (1974), 419 U.S. 345, 351, 42 L. Ed. 2d 477, 484, 95 S. Ct. 449, 453; *Moose Lodge No. 107 v. Irvis* (1972), 407 U.S. 163, 177, 32 L. Ed. 2d 627, 640, 92 S. Ct. 1965, 1973.) The State is "significantly involved" only when it has commanded a particular result or reserved to itself the power to determine that result. (*Adickes v. S.H. Kress & Co.* (1970), 398 U.S. 144, 170, 26 L. Ed. 2d 142, 161, 90 S. Ct. 1598, 1615; *Peterson v. City of Greenville* (1963), 373 U.S. 244, 248, 10 L. Ed. 2d 323, 326, 83 S. Ct. 1119, 1121.) The mere suggestion by appointed counsel that his client seek the advice of private counsel regarding a closely related divorce action does not show that the State instigated filing that case. Neither has the State commanded or reserved to itself the power to determine the result.

■ Furthermore, mere acquiescence to a private action by the State does not convert it to State action. (*Flagg Bros., Inc. v. Brooks* (1978), 436 U.S. 149, 164, 56 L. Ed. 2d 185, 198, 98 S. Ct. 1729,

1737; *Jackson v. Metropolitan Edison Co.*, 419 U.S. at 357, 42 L. Ed. 2d at 487, 95 S. Ct. at 457 (exercise of a choice allowed by State law, where the initiative comes from a private entity, not the State, is not "State action").) We do not believe that appointed counsel's suggestion to seek private counsel amounts to either overt or covert encouragement by the State. Although the State filed a juvenile petition, the State did not force petitioner to file his custody action. We believe the circuit court erred in holding that the State exercised coercive power or provided such significant encouragement that the choice must in law be deemed to be that of the State. Clearly, it was petitioner's choice.

■ Although the State provides a forum, it does not coerce its use. As the First District Appellate Court said, "[t]he mere fact that there is a statute which allows for individuals to bring private adoption proceedings does not of itself turn this action into 'State' action." (*Rosewell v. Hanrahan*, 168 Ill. App. 3d at 332, 523 N.E.2d at 12.) Divorce actions and custody fights, like adoption proceedings, are strictly voluntary. The *Rosewell* court's discussion distinguishing that case from *Lassiter v. Department of Social Services* (1981), 452 U.S. 18, 68 L. Ed. 2d 640, 101 S. Ct. 2153, further details when due process would require appointed counsel. As *Rosewell* noted, in *Lassiter* the State of North Carolina was directly involved in an adversarial position with the parents. Durham County instigated the proceedings; therefore, it was State action which triggered the due process analysis. (*Rosewell*, 168 Ill. App. 3d at 332-33, 523 N.E.2d at 12.) Here, however, the divorce proceedings were separate and distinct from the State-instigated juvenile proceedings. Thus, awarding attorney fees in this case was inappropriate.

For the foregoing reasons, the order of the circuit court of Effingham County is reversed.

Reversed.

HARRISON and RARICK, JJ., concur.